UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYLEY LENAHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 23-cv-06041-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 30, 33 |

## I. INTRODUCTION

Pending before the Court is a motion for summary judgment brought by Plaintiff Hayley M. Lenahan. ECF No. 30. Defendant United States Department of Health and Human Services ("HHS" or "the agency") filed an Opposition and Cross-Motion for Summary Judgment. ECF No. 33. Plaintiff filed a Reply in Support of Motion for Summary Judgment and Opposition to Defendant's Cross-Motion (ECF No. 34) ("Pl.'s Opp'n & Reply") and Defendant filed a Reply in support of its cross-motion (ECF No. 35) ("Def.'s Reply"). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion and Defendant's motion.[1]

## II. BACKGROUND

On November 7, 2022, Lenahan submitted a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking agency records related to HHR Request for Proposal No. 75A50122-Q-00018 for the acquisition of doxycycline hyclate tablets and amoxicillin trihydrate capsules, the resulting contract, and related records. Compl. ¶ 9, ECF No. 1; Decl. of Hayley

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 10.

Lenahan ¶ 2, ECF No. 30-1 & Ex. 1 to Lenahan Decl. HHS confirmed receipt of the FOIA request on November 7, 2022 and assigned the request FOIA No. 2023-00122-FOIA-OS. Lenahan Decl. ¶ 3; Ex. 2 to Lenahan Decl., ECF No. 30-3. On November 8, 2022, the HHS FOIA Office sent an email to Ms. Lenahan informing her that they "do not routinely collect or retain the type of records" Ms. Lenahan was seeking, and that HHS was closing its file on Ms. Lenahan's FOIA request. Ex. 3 to Lenahan Decl., ECF No. 30-4. In the email, HHS suggested that Ms. Lenahan direct her request to the Department of Labor. *Id.*

On March 6, 2023, Ms. Lenahan emailed the HHS FOIA Public Liaison requesting that HHS reconsider its determination that the records Ms. Lenahan requested were not HHS records. Lenahan Decl. ¶ 5; Ex. 4 to Lenahan Decl., ECF No. 30-5 (March 6, 2023 email, "Re: Freedom of Information Act Assistance FOIA Case No. 2023-00122-FOIA-OS"). On April 4, 2023, HHS changed the status of Ms. Lenahan's November 7, 2022 request to "in process" and sent Ms. Lenahan an email acknowledging receipt of Ms. Lenahan's request and indicating that HHS would require additional time to complete her request. Lenahan Decl. ¶¶ 8, 9; Ex. 5 to Lenahan Decl., ECF No. 30-6; Ex. 6 to Lenahan Decl., ECF No. 30-7.

On March 31, 2023, Lenahan submitted a FOIA request to HHS seeking agency records related to HHS' award of two acquisition contracts to Chartwell RX, LLC. Lenahan Decl. ¶ 10 and Ex. 7 to Lenahan Decl., ECF No. 30-8. On April 3, 2023, HHS confirmed receipt of Ms. Lenahan's March 2023 FOIA request and assigned the request FOIA No. 2023-00631-FOIA-OS. Lenahan Decl. ¶ 11; Ex. 8 to Lenahan Decl., ECF No. 30-9. HHS's response indicated that HHS would require additional time to complete Ms. Lenahan's request. *Id.*

On November 21, 2023, Ms. Lenahan filed a complaint in this Court, alleging that HHS failed to comply with FOIA and seeking to enjoin HHS from withholding agency records and to order the production of agency records Ms. Lenahan alleged had been improperly withheld. Compl. ¶ 1, ECF No. 1. At the time, HHS had not provided any response to either of Ms. Lenahan's FOIA requests. Lenahan Decl. ¶ 12.

On February 20, 2024, HHS provided a response to Ms. Lenahan's FOIA requests. Ex. 9 to Lenahan Decl. (FOIA Response), ECF No. 30-10. In its response, HHS informed Ms. Lenahan

that the agency "ha[d] reviewed 274 pages of records[] potentially responsive to" Ms. Lenahan's FOIA requests. *Id.* at 2. HHS released 116 of those pages in their entirety, and released "121 pages in part, with portions redacted, pursuant to Exemptions 3, 4, and 6 of the FOIA (5 U.S.C. §552(b)(3), (b)(4), and (b)(6))." *Id.* The agency also "with[eld] 37 pages in full, pursuant to Exemption 5 of the FOIA (5 U.S.C. §552(b)(5))." *Id.*

In March and April 2024, Assistant U.S. Attorney Sapna Mehta emailed Plaintiff to ask if there were outstanding issues with HHS's FOIA response. Mehta Decl. ¶ 2, ECF No. 33-3. On April 18, 2024, Ms. Lenahan identified issues with HHS's February 20, 2024 response, including (1) the redaction of Chartwell's entire proposal subject to FOIA Exemption 4; (2) the redaction of the entire "acquisition planning document" subject to FOIA Exemption 5; (3) HHS's failure to produce any source selection information; and (4) HHS's citation to 42 U.S.C. § 247d–6b(d). Ex. 11 to Lenahan Decl., ECF No. 30-12. On May 2, Mehta responded to Plaintiff via email and noted that HHS was willing to provide a *Vaughn* index for a sample or subset of documents identified by Plaintiff. Mehta Decl. ¶ 3.

On July 19, 2024, Assistant U.S. Attorney Pamela Johann spoke with Plaintiff by telephone to discuss Plaintiff's questions about the agency's FOIA production. Johann informed Plaintiff that HHS had withheld the proposal Chartwell had submitted to the agency pursuant to Federal Acquisition Regulation, 48 C.F.R. § 24.202(a), (b) and informed Plaintiff that Chartwell's proposal was not incorporated into the contract it was awarded. Johann Decl. ¶ 3, ECF No. 33-6. Johann and Plaintiff also discussed Plaintiff's challenge to the withholding by redaction of thirty pages Plaintiff had identified as an acquisition plan in HHS's production. *Id.* ¶ 4. Johann informed Plaintiff that the agency had re-reviewed the pages and anticipated re-releasing them based on further review. *Id.* Johann informed Plaintiff that "HHS was willing to provide an informal *Vaughn* index for specific exemptions or withholdings about which Plaintiff had questions, but that [Plaintiff] would need to identify the specific records that she wanted included in that sample index." *Id.* ¶ 5.

On September 6, 2024, HHS issued another FOIA response. In this response, HHS provided another copy of the "acquisition planning document" with fewer redactions but stated

3

1  that Chartwell's proposal would not be produced pursuant to FOIA Exemption 3, which
2  "incorporates into the FOIA certain nondisclosure provisions that are contained in other federal
3  statutes."  Lenahan Decl. ¶ 19 & Ex. 12 to Lenahan Decl., ECF No. 30-13.
4       Mehta emailed Plaintiff on October 25 and October 31, 2024 to inquire about the status of
5  the case.  Plaintiff responded on October 31 that she believed the parties were at an impasse
6  regarding HHS's withholding of the Chartwell proposal.  Mehta Decl. ¶ 4 & Ex. B to Mehta Decl.
7  On November 22, 2024, HHS clarified that its basis for withholding the Chartwell proposal in its
8  entirety was 41 U.S.C. § 4702.  Lenahan Decl. ¶ 20.
9       On November 29, 2024, Plaintiff brought the instant motion for summary judgment, asking
10  the Court to grant summary judgment in Plaintiff's favor on count one of her complaint for failure
11  to comply with FOIA.  Pl.'s Mot. at 2.  On December 27, 2024, HHS filed its opposition and
12  cross-motion for summary judgment, asking that the Court deny Plaintiff's motion and grant
13  summary judgment in Defendant's favor on the adequacy of its search and its withholding of
14  Chartwell's proposal under FOIA Exemption 3.  Def.'s Opp'n and Cross-Mot. at 15–16.

### III.   LEGAL STANDARD

"A federal court reviews an agency's response to a FOIA request *de novo*." *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 607 F. Supp. 3d 979, 993 (N.D. Cal. 2022), *aff'd*, No. 22-15936, 2023 WL 4342100 (9th Cir. July 5, 2023).  "Because facts in FOIA cases are rarely in dispute, most such cases are decided on motions for summary judgment." *Yonemoto v. Department of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012) (citation omitted), *overruled on other grounds by Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 989 (9th Cir. 2016).

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In FOIA cases, "[s]ummary judgment" in favor of the government "is appropriate 'only if the agency can prove that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.'"  *Ecological Rts. Found.*, 607 F. Supp. 3d at 993 (quoting *James Madison Project v. Dep't of Just.*, 302 F. Supp. 3d 290, 295 (D.D.C. 2018)).  *See also* 5 U.S.C. § 552(a)(4)(B) ("On

complaint, the district court . . . shall determine the matter de novo, . . . and the burden is on the agency to sustain its action.").

## IV.  DISCUSSION

### A.  Application of FOIA Exemption 3 to Chartwell Proposal

Plaintiff argues that HHS is relying upon a legally incorrect application of FOIA Exemption 3 ("Exemption 3") to justify withholding by redaction Chartwell's proposal to HHS.

5 U.S.C. § 552(b) enumerates nine exemptions from FOIA.  Exemption 3 incorporates into FOIA provisions of other statutes "requir[ing] that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establish[ing] particular criteria for withholding or refer[ring] to particular types of matters to be withheld[.]"  5 U.S.C. § 552(b)(3). "[I]f enacted after the date of enactment of the OPEN FOIA Act of 2009," such a statute must "specifically cite[] to" 5 U.S.C. § 552.  *Id.*  41 U.S.C. § 4702 prohibits the disclosure of certain proposals for contracts with federal government agencies.  Section 4702 provides that "[a] proposal in the possession or control of an executive agency may not be made available to any person under section 552 of title 5."  41 U.S.C. § 4702(b).  This prohibition does not apply, however, to "a proposal that is set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal."  *Id.* § 4702(c).  Section 4702 applies to proposals "submitted by a contractor in response to the requirements of a solicitation for a competitive proposal."  41 U.S.C. § 4702(a).

HHS initially cited FOIA Exemption 4, which exempts from disclosure privileged or confidential trade secrets and commercial or financial information, as the basis for its redaction of Chartwell's proposal.  5 U.S.C. § 552(b)(4); *see* Lenahan Decl. ¶¶ 15, 16; Decl. of Sapna Mehta ¶ 5 & Ex. C to Mehta Decl., ECF No. 33-5.  In its September 6, 2024 follow-up FOIA response, HHS redacted substantially all of Chartwell's proposal under FOIA Exemption 3.  Lenahan Decl. ¶ 19.  The agency determined that information withheld under Exemption 3 consisted of material prohibited from release under 42 US.C. § 247d-6b(d), which prohibits agencies from revealing "any information identifying the location at which materials in the [strategic national stockpile] . . . are stored, or other information regarding the contents or deployment capability of the

1 stockpile that could compromise national security." Ex. 12 to Lenahan Decl.; 42 US.C. § 247d-
2 6b(d). The agency later cited 41 U.S.C. § 4702 as its statutory basis for withholding the Chartwell
3 proposal under FOIA Exemption 3. Lenahan Decl. ¶ 20.
4     Plaintiff argues that HHS must produce Chartwell's proposal because § 4702's prohibition
5 on the release of contractor proposals applies only to unsuccessful proposals. Plaintiff contends
6 that because Chartwell's proposal successfully resulted in the award of a contract, FOIA
7 Exemption 3 does not apply. In support of this argument, Plaintiff cites two opinions from
8 different stages of the same litigation declining to apply Exemption 3 to successful proposals
9 under section 4702's statutory predecessor, 41 U.S.C. § 253b(m). *See Raher v. Federal Bureau of*
10 *Prisons*, No. CV-09-526-ST, 2011 WL 2014875, at *7 (D. Or. May 24, 2011); *Raher v. Federal*
11 *Bureau of Prisons*, 749 F. Supp. 2d 1148, 1163 (D. Or. 2010) (requiring disclosure under FOIA
12 because "41 U.S.C. § 253b(m) intersects with FOIA only to the extent it bars disclosure of
13 unsuccessful proposals" and "does not purport in any way to limit FOIA protection for successful
14 proposals"). But the text of section 4702 does not distinguish between successful and
15 unsuccessful proposals. Moreover, the court in *Raher* did not explain its basis for limiting the
16 application of section 253b(m) to successful proposals. Meanwhile, at least one other court has
17 held that 41 U.S.C. § 253b(m) applies equally to successful and unsuccessful contractor proposals.
18 *See Sinkfield v. Department of Hous. & Urb. Dev.*, No. 10-cv-885, 2012 WL 893876, at *5 (S.D.
19 Ohio Mar. 15, 2012) (finding section 253b(m) barred disclosure of proposal submitted by
20 successful contract bidder and rejecting plaintiff's argument to the contrary); *id*. at *4 n.4
21 ("[T]here is no language in the statute that limits its applicability only to unsuccessful bidders.
22 The statute must therefore be given its plain meaning and applied to all proposals, whether
23 submitted by successful or unsuccessful bidders."). Further, if section 4702 does not apply to
24 successful proposals (whether incorporated or not), there would be no reason for the language
25 excluding protection for proposals incorporated by reference in a contract, since by definition they
26 would all be successful ones. In the absence of controlling authority indicating that section 4702
27 only bars disclosure of unsuccessful proposals, the Court declines to apply such a rule.
28     Plaintiff further argues in her reply that many terms of a successful proposal are

United States District Court
Northern District of California

"effectively incorporated" in the resulting contract, such as pricing, products, delivery dates, technical approach and key personnel. Pl.'s Reply at 6. She argues that this supports the conclusion that section 4702 applies only to unsuccessful proposals. *Id*. The Court is willing to believe that it is often the case that many terms in a successful proposal are likely contained in the resulting contract. Nonetheless, section 4702(b) states that "[a] proposal in the possession or control of an executive agency may not be made available to any person under section 552 of title 5," and that language does not distinguish between successful and unsuccessful proposals. Section 4702(c) states that 4702(b) "does not apply to a proposal that is set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal." Plaintiff does not cite any legal authority to support reading that provision other than how it is written. A proposal "that is set forth . . . in a contract" means that the proposal is in the contract, so if you read the contract you necessarily see the proposal. A proposal "that is . . . incorporated by reference in a contract" means that the contract refers to and incorporates the proposal, so that if you want to know what all the terms of the contract are, you have to read the proposal. Section 4702(c) is not satisfied merely because the proposal and the contract have similar content. The basic point of section 4702(c) is to clarify that the FOIA exemption for proposals does not impede the disclosure of the contracts. If the proposal and the contract are two separate documents, and the proposal is not in the contract and is not incorporated by reference in the contract, then you don't need the proposal to know what all the terms of the contract are.

        Here, HHS attests that "Chartwell's proposal was not in any manner incorporated into its executed contract with HHS[.]" Williams Decl. ¶ 26. There is no evidence to the contrary. Plaintiff's argument that "incorporated" means that some of the content of the contract originated from the proposal is a legal argument about the meaning of "incorporated by reference," not an evidentiary showing that contradicts the HHS attestation. And as explained above, the Court rejects that legal argument.

        Accordingly, Court **DENIES** Plaintiff's motion for summary judgment as to the agency's application of FOIA Exemption 3 to the Chartwell proposal and **GRANTS** Defendant's motion as to the same.

7

**B.     Adequacy of Search**

"FOIA requires an agency responding to a request to 'demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Lahr v. National Transp. Safety Bd.*, 569 F.3d 964, 986 (9th Cir. 2009) (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)). "[U]nder FOIA, agencies bear the burden of demonstrating the adequacy of their search beyond a material doubt." *Transgender L. Ctr. v. Immigration & Customs Enf't*, 46 F.4th 771, 780 (9th Cir. 2022). "An agency can demonstrate the adequacy of its search through 'reasonably detailed, nonconclusory affidavits submitted in good faith.'" *Id.* (quoting *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015)). "Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith." *Hamdan*, 797 F.3d at 770 (citations omitted). Plaintiff contends HHS's search failed to comply with FOIA because HHS has not produced two categories of responsive records nor stated that these records cannot be located. The agency asserts its search was reasonably calculated to uncover all relevant documents and asks the Court to enter summary judgment in its favor.

Plaintiff requested the following documents in her November 7, 2022 FOIA request:

> 1. Solicitation No. 75A50122-Q-00018 for the acquisition of doxycycline hyclate tablets and amoxicillin trihydrate capsules (the "Solicitation");
> 2. Any market research or acquisition planning documents prepared in connection with the issuance of the Solicitation;
> 3. Any proposals or quotes submitted to HHS in response to the Solicitation;
> 4. Delivery Order No. 75A50322-F-80030 (including any modifications) issued to Chartwell RX, LLC on or about September 26, 2022 for the acquisition of doxycycline hyclate tablets and amoxicillin trihydrate capsules (the "Delivery Order");
> 5. Any source selection documents prepared in connection with the issuance of the Delivery Order.

Ex. 1 to Lenahan Decl.

In her March 2023 FOIA request, Plaintiff sought:

> 1. Contract No. 75A503-22-F-80030 awarded to Chartwell RX, LLC on or about September 26, 2022, including all modifications issued to Contract No. 75A503-22-F- 80030.
> 2. Any proposals or quotes Chartwell RX, LLC submitted to HHS preceding the award of Contract No. 75A503-22-F-80030.
> 3. Contract No. 75A503-23-C-00008 awarded to Chartwell RX, LLC on or about February 28, 2023, including all modifications issued to

8

```
                75A503-23-C-00008.
             4. Any proposals or quotes Chartwell RX, LLC submitted to HHS
                preceding the award of Contract No. 75A503-23-C-00008.
```

Ex. 7 to Lenahan Decl.

In support of its opposition and cross-motion, HHS submitted the declaration of Alesia Y. Williams, the agency's Director of FOIA Appeals and Litigation, detailing the agency's search. Williams Decl., ECF No. 33-1. Williams explained that the Strategic National Stockpile Contracting Branch ("SNSCR") of the HHS Assistant Secretary of Preparedness and Response ("ASPR") conducted the search by searching for the contract number associated with the records sought against the Purchase Request Information System ("PRISM"), which contains the agency's contract files. Williams attests that "[w]hen a contract has been awarded, information in PRISM is stored under the contract number" and that other identifiers, such as solicitation delivery order, are not used by HHS in PRISM. *Id.* ¶ 20. Williams attests that PRISM "includes information related to acquisition planning, solicitation, proposal review, contract creation and approval, contract modification, contract award and award closeout." *Id.* ¶ 22. Williams attests that any records that may exist regarding a solicitation and vendor contract would therefore be saved in PRISM. *Id.* ¶ 23. The agency does not assert that it searched any other applications or files outside of PRISM or that it applied any search terms other than the contract number.

Plaintiff seeks summary judgment on the basis that HHS has to date not produced "any modifications to the responsive contracts nor any source selection information related to the award of these contracts." Mot. at 7. "Source selection information" refers to "information prepared for use by a Federal agency to evaluate a bid or proposal to enter into a Federal agency procurement contract, if that information previously has not been made available to the public or disclosed publicly." 41 U.S.C. § 2101(7). This information includes bid prices; proposed costs or prices; source selection plans; technical evaluation plans; technical and cost or price evaluations of proposals; competitive range determinations; rankings of bids, proposals or competitors; reports and evaluations of source selection panels, boards, or advisory counsels; and other information marked as "source selection information." *Id.* § 2102(7)(A)-(J).

In her November 2022 FOIA request, Plaintiff sought agency records of "[a]ny source

1  selection documents prepared in connection with the issuance of the Delivery Order." Ex. 1 to
2  Lenahan Decl.  Plaintiff contends that HHS should have produced those documents because
3  federal acquisition regulations require an agency to document its source selection decision prior to
4  awarding a federal procurement contract.  *See* 48 C.F.R. §§ 15.303; 15.308.  HHS does not dispute
5  that the agency would have been required to create source selection documents prior to the award
6  of the contract to Chartwell.  Rather, HHS argues that Plaintiff did not specifically ask for source
7  selection documents related to the contract itself, and "source selection documents do not exist for
8  delivery orders because the source has already been selected by the time of the delivery order."
9  Def.'s Reply at 2.  However, Plaintiff's November 2022 and March 2023 FOIA requests appear to
10 use the terms "delivery order" and "contract" to refer to the same contract awarded to Chartwell
11 on or about September 26, 2022.  *See* Ex. 1 to Lenahan Decl., Requested Record No. 4 (November
12 2022 FOIA request for  "Delivery Order No. 75A50322-F-80030 (including any modifications)
13 issued to Chartwell RX, LLC on or about September 26, 2022 for the acquisition of doxycycline
14 hyclate tablets and amoxicillin trihydrate capsules (the 'Delivery Order')"); Ex. 7 to Lenahan
15 Decl., Requested Record No. 1 (March 2023 request for  "Contract No. 75A503-22-F-80030
16 awarded to Chartwell RX, LLC on or about September 26, 2022, including all modifications
17 issued to Contract No. 75A503-22-F- 80030").  Further, "notwithstanding the imprecise language
18 of Plaintiff's requests," Defendant understood that.  Def.'s Reply at 2.  HHS attests it searched for
19 both of Plaintiff's requests contemporaneously.  Williams Decl. ¶ 20.  Accordingly, Plaintiff's use
20 of the term "delivery order" in her request for source selection documents did not obviate HHS's
21 obligation to search for source selection documents related to the contract.
22     Although "the failure to produce or identify a few isolated documents cannot by itself
23 prove the searches inadequate[,]" *Hamdan*, 797 F.3d at 771 (quoting *Lahr*, 569 F.3d at 988), an
24 agency is required to "ma[ke] a diligent search for those documents in the places in which they
25 might be expected to be found," *Transgender L. Ctr.*, 46 F.4th at 781 (quoting *Lahr*, 569 F.3d at
26 987).  The Williams Declaration states without contradiction that PRISM "collects the information
27 necessary to support a procurement relationship between HHS and vendors.  This includes
28 information related to acquisition planning, solicitation, *proposal review*, contract creation and

10

approval, *contract modification*, contract award and award closeout." Williams Decl. ¶ 22 (emphasis added). "The records requested by Plaintiff regarding a solicitation and vendor contract, if they existed, would thus be saved in PRISM." *Id*. ¶ 23. Information concerning "proposal review" sounds like it includes source selection information, as that is what source selection information is. And the reference to "contract modification" obviously means modifications to contracts. Further, when a contract is awarded, the information in PRISM is stored under the contract number, which is how HHS searched for responsive documents. *Id*. ¶ 20.

On this record, Plaintiff's complaints about contract modifications and source selection documents fail to raise a triable question of material fact about the adequacy of HHS's search. Accordingly, the Court **GRANTS** summary judgment to Defendant as to the adequacy of HHS's search and **DENIES** Plaintiff's motion on that issue.

### C.      Substantiation of the Application of Remaining FOIA Exemptions

"To carry their summary judgment burden, agencies are typically required to submit an index and detailed public affidavits that, together, identify[] the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Yonemoto*, 686 F.3d at 688 (cleaned up). "These submissions—commonly referred to as a *Vaughn* index—must be from 'affiants [who] are knowledgeable about the information sought' and 'detailed enough to allow court to make an independent assessment of the government's claim.'" *Id.* (quoting *Lion Raisins v. Department of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004)).

Plaintiff asserts that summary judgment in her favor is warranted because HHS has not explained or substantiated the application its withholding of documents under the cited FOIA exemptions. The agency does not appear to seek summary judgment on this point but asks the Court "to defer ruling on the remainder of [its] withholdings" to give the agency an opportunity to respond to the specific issues Plaintiff raises. Def.'s Opp'n and Cross-Mot. at 15.

The agency asserts that it discharged its FOIA obligations by "volunteer[ing] an informal *Vaughn* index during the meet and confer process" and explaining its redactions in its FOIA

11

1  response to Plaintiff and in the meet and confer process.  Def.'s Opp'n and Cross-Mot. at 14.  As a

2  preliminary matter, the agency offers no authority to support its assertion that the requester must

3  identify a list of disputed records to be included in a *Vaughn* index.  Moreover, the agency's

4  February 20, 2024 response fails to identify the documents withheld in full and does not explain

5  why any of the documents fall within the claimed exemptions from FOIA.  Ex. A to Williams

6  Decl., ECF No. 33-2.  Defendant asserts that "the bases for most of Defendant's withholdings are

7  . . . evident from the unredacted portions of the records in which information is withheld."  Def.'s

8  Opp'n and Cross-Mot. at 14.  By way of example, Defendant states that it redacted portions of

9  records pursuant to FOIA Exemption 3 where release of the information would violate 42 U.S.C. §

10  247d-6b(d) "by revealing current and future states of the Strategic National Stockpile" and that it

11  withheld certain other records in full under Exemption 5 based on deliberative process privilege.

12  The Court finds, however, that the statutory bases for withholdings pursuant to Exemption 3 are

13  not made clear from the unredacted portions of the documents before the Court on summary

14  judgment.  Nor does HHS identify the documents withheld under Exemption 5.  *See* ECF No. 33-2

15  (February 2024 FOIA response, stating only that the agency is "withholding 37 pages in full,

16  pursuant to Exemption 5 of the FOIA (5 U.S.C. §552(b)(5)).").  The Court thus finds HHS has

17  failed to demonstrate that it has justified its withholdings.

18  Accordingly, the Court **GRANTS** summary judgment to Plaintiff on her claim for failure

19  to substantiate the remaining FOIA exemptions and **DENIES** summary judgment to Defendant as

20  to the same.  The Court **ORDERS** HHS to produce an index identifying the documents withheld,

21  FOIA exemption(s) claimed for each document withheld, and a particularized explanation of why

22  each document falls within the claimed exemption(s).  *See Yonemoto*, 686 F.3d at 688.

23  **D.    Fees**

24  FOIA's fee-shifting provision allows the Court to "assess against the United States

25  reasonable attorney fees and other litigation costs reasonably incurred in any case under this

26  section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  "[A]

27  complainant has substantially prevailed if the complainant has obtained relief through . . . a

28  judicial order, or an enforceable written agreement or consent decree[,]" or through "a voluntary

or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)E)(ii). "Fee and cost awards are not automatically awarded to a prevailing party under FOIA." *Sierra Club v. United States Env't Prot. Agency*, 75 F. Supp. 3d 1125, 1136 (N.D. Cal. 2014) (citing *Church of Scientology of Cal. v. United States Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983), *abrogated on other grounds*). "Rather, plaintiffs 'must present convincing evidence' that they are both eligible for an award of attorney's fees and that they are entitled to such an award." *Id*.

Plaintiff requests attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E)(i). However, Plaintiff provides no support in her motion for summary judgment demonstrating her eligibility for or entitlement to attorney's fees. Accordingly, Plaintiff's motion for attorney's fees is **DENIED** without prejudice to Plaintiff bringing a separate petition for fees.

## V. CONCLUSION

Based on the analysis above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for summary judgment and Defendant's cross-motion.

**IT IS SO ORDERED.**

Dated: April 21, 2025

THOMAS S. HIXSON
United States Magistrate Judge

13